IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LISA S. TUBMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-1039 (MN) |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Lisa Stills Tubman, Camden Wyoming, Delaware – Pro Se Plaintiff

May 13, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On September 16, 2024, Plaintiff Lisa Stills Tubman, of Camden Wyoming, Delaware, initiated this civil action *pro se*, alleging violations of the Fair Credit Reporting Act ("FCRA") by Defendant Equifax Information Services LLC.  (D.I. 2).  The Court granted Plaintiff leave to proceed *in forma pauperis* (D.I. 4) and proceeds to review and screen the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(b).

I.    **BACKGROUND**

The Complaint raises three causes of action against Defendant, all of which allege violations of the FCRA.  (D.I. 2 at 4-6).  The following facts are taken from the Complaint and assumed to be true for screening purposes.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  On or about January 16, 2016, after Plaintiff identified a fraudulent Capital One credit card included on her Equifax credit report, Plaintiff filed a complaint with the Consumer Financial Protection Bureau to dispute the accuracy and completeness of the report.  (D.I. 2 at 3).  Thereafter, Defendant removed the fraudulent account information, but approximately one month later, the fraudulent account information reappeared in the report.  (*Id.*).  Plaintiff believes that the inclusion of this fraudulent account information has led to her being denied lines of credit and approved for others at a higher-than-warranted interest rate.  (*Id.*).  For example, Plaintiff applied for a new credit card, and that application was denied, on or about March 15, 2024.  (*Id.*).  Based on the foregoing, Plaintiff seeks injunctive relief, actual damages, punitive damages, coverage of litigation costs and fees, and any other relief deemed appropriate by the Court.  (*Id.* at 6).

II.    **SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds pro se, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give

rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is

entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a

claim is plausible will be a "context-specific task that requires the reviewing court to draw on its

judicial experience and common sense."  *Id.*

## III.   <u>DISCUSSION</u>

Upon review of the Complaint, the Court finds that the three FCRA claims raised against

Defendant are time-barred as alleged, warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)

for failure to state a claim upon which relief can be granted.  By statute,

> [a]n action to enforce any liability created under [the FCRA] may
> be brought in any appropriate United States district court, without
> regard to the amount in controversy, or in any other court of
> competent jurisdiction, not later than the earlier of—(1) 2 years after
> the date of discovery by the plaintiff of the violation that is the basis
> for such liability; or (2) 5 years after the date on which the violation
> that is the basis for such liability occurs.

15 U.S.C. § 1681p.  In this case, the allegations in the Complaint are that the events from which

the causes of action arise occurred in 2016, the year that Plaintiff discovered that fraudulent

account information was included, then removed, and then reincluded, in her Equifax credit report.

Accordingly, the statute of limitations for Plaintiff's claims against Defendant ran sometime in

2018, two years after Plaintiff made these discoveries.  To the extent that the alternative § 1681p(2)

five-year statute of limitations could apply here, it would have run in 2021 at the latest, which was

three years before the Complaint was filed.  As such, Plaintiff FRCA claims that are alleged against

Defendant in the Complaint, arising from the inclusion of fraudulent account information in

Plaintiff's Equifax credit report in 2016, are time-barred.

## IV.    <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will be entered.